**In re the Marriage of Karen S. HANKS, Appellant–Respondent,**

v.

**Robert J. ARNOLD, Appellee–Petitioner.**

**No. 82A01–9608–CV–257.**

Court of Appeals of Indiana.

Dec. 26, 1996.

Robert E. Zoss, Evansville, for Appellant.

Laurie Baiden Bumb, Keating, Bumb & Vowels, P.C., Evansville, for Appellee.

## OPINION

BAKER, Judge.

In light of recent amendments to the child custody modification statute, we must consider whether a custodial parent's relocation to another state is sufficient to support the trial court's modification of a custody order. Appellant-respondent, Karen S. Hanks, the custodial parent of the parties' minor child, who had primary custody of their child, Bartley, notified the court of her intention to move out of state with him. As a result, appellee-petitioner, Robert Arnold, successfully peti-

tioned the trial court for custody. Karen contends that the trial court erred in granting a change of custody solely on the basis of her impending move out of state.

## FACTS

On May 14, 1987, the Vanderburgh Superior Court issued a decree dissolving the marriage of Karen and Robert. As part of the decree, Karen was awarded primary custody of Bartley, and Robert was awarded reasonable visitation. The decree further required each party to obtain the trial court's permission prior to permanently removing Bartley from Indiana. In June of 1995, Karen married Greg Hanks, who resides in Lander, Wyoming. In preparation for the move to Wyoming with Bartley, Karen filed a notice of intent to change residence with the court pursuant to IND. CODE § 31–1–11.5–21(a). In response, Robert filed a petition to modify custody. Thereafter, on May 6, 1996, the trial court held a hearing on the motions. After the hearing, the court entered findings of fact and conclusions of law which provided that custody of Bartley would remain with Karen unless she moved to Wyoming, whereupon, Robert would become the custodial parent. Record at 34. Karen now appeals the trial court's decision.

## DISCUSSION AND DECISION

■ Karen contends that the trial court erred in modifying its original custody decree. A determination of custody modification is committed to the sound discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. *Van Schoyck v. Van Schoyck*, 661 N.E.2d 1, 4–5 (Ind.Ct.App.1996), *trans. denied.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Additionally, because Karen is appealing a decision in which the trial court entered findings of fact and conclusions of law pursuant to Ind.Trial Rule 52(A), we are limited to determining whether the evidence supports the findings and whether the findings support the judgment. *Id.* On review, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.*

■ This court has previously considered whether a custodial parent's move out of state, by itself, is sufficient to support a custody modification order. In general, we have concluded that relocation, without more, is insufficient to support a change of custody. *See Winderlich v. Mace*, 616 N.E.2d 1057, 1060 (Ind.Ct.App.1993) (absent extreme cases, custodial parent's move out of state will not support custody modification); *Swonder v. Swonder*, 642 N.E.2d 1376, 1382 (Ind.Ct.App.1994) (mother's relocation to Colorado with her sons did not substantially and continually affect sons so as to render original custody decree unreasonable). *But see In re Marriage of Davis*, 441 N.E.2d 719, 722 (Ind.Ct.App.1982) (mother's continuous change of residence and lack of care for children demonstrated substantial and continuing change sufficient to modify custody). However, these cases were decided before the 1994 amendments to the custody modification statute went into effect. Prior to the amendment, IND. CODE § 31–1–11.5–22(d), required the trial court to find that "substantial and continuing" changes in circumstances rendered the existing order unreasonable. On July 1, 1994, the legislature amended the statute to only require a showing of a "substantial change" in circumstances to support a custody modification order. These changes evidence the legislature's intent to impose a less stringent standard for child custody modification. *Joe v. Lebow*, 670 N.E.2d 9, 20 (Ind.Ct.App.1996). Nevertheless, trial courts are still not permitted to consider the issue of custody "de novo." *Id.* at 19. Thus, in light of this amendment, we must re-examine our position on child custody modification when a custodial parent seeks to relocate to another state with a child.

■ When a custodial parent intends to relocate out of state, he or she is required to file notice of his or her intention to do so with the trial court. I.C. § 31–1–11.5–21.1(a). The purpose of this requirement is to provide the trial court with the opportunity to modify its original custody order if it becomes unreasonable due to the custodial parent's long-distance move. *Swonder v. Swonder*, 642 N.E.2d at 1380. In determining the effect upon the noncustodial parent's

visitation rights, the trial court considers the distance involved in the proposed new change of residence and the "hardships and expense" involved for the noncustodial parent in exercising his or her visitation. I.C. § 31–1–11.5–21.1(b). A custodial parent's relocation out of state which makes visitation inconvenient does not in itself warrant child custody modification. *Swonder,* 642 N.E.2d at 1380.

■ The notice of intent to relocate statute must be construed in conjunction with the child custody modification statute, I.C. § 31–1–11.5–22(d). *Swonder,* 642 N.E.2d at 1380. I.C. § 31–1–11.5–22(d) states in relevant part that:

(d) The court may not modify a child custody order unless:

(1) it is in the best interests of the child; and

(2) there is a substantial change in one (1) or more of the factors which the court may consider under section 21(a) of this chapter.

(e) In making its determination, the court shall consider the factors listed under section 21(a) of this chapter.

One of the factors listed under I.C. § 31–1–11.5–21(a) is the "interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests." Thus, before a trial court can modify a child custody order, it must determine that there has been a substantial change in one or more of the factors which affect the child's best interests and that, overall, it would be in the child's best interests to modify custody. *Van Schoyck,* 661 N.E.2d at 5.

■ Whether a custodial parent's move out of state causes substantial changes depends upon the facts of each case. *Lamb v. Wenning,* 600 N.E.2d 96, 98 (Ind.1992). In the instant case, the trial court entered lengthy findings regarding whether Karen's relocation to Wyoming would cause a substantial change in Bartley's relationships with friends, family, all of which were supported by the evidence presented during the custody modification hearing. The record reveals that Bartley has established many close relationships with friends and family in Indiana, including Karen's family. R. at 92, 93, 162, 163, 172, 207, 208, 260. Bartley has done well at the same school in Indiana since the second grade and would continue to attend school there if he remained in Indiana. R. at 163, 196. Bartley is also very involved in extracurricular activities such as football, basketball and baseball. R. at 223–24, 334. He attends his church and its Sunday school. R. at 222.

Additionally, the evidence reveals that Bartley's relationship with his father would be substantially affected by Robert's inability to remain active in Bartley's life. After Karen relocated to Dale, Indiana, in 1992, Robert moved from Evansville, Indiana, to Santa Claus, Indiana, in order to be closer to Bartley. R. at 161. Robert attends most of his son's extracurricular activities. R. at 206. Bartley sees his father on a regular basis and talks to him every day on the telephone. R. at 166–68. To travel from Santa Claus, Indiana, to Lander, Wyoming, requires a person to fly from Louisville, Kentucky, through either Chicago, Illinois, or Cincinnati, Ohio, and then to Salt Lake City, Utah. Lander is then a four hour drive from Salt Lake City. R. at 322–23. In total, this evidence presented at the hearing supports the trial court's finding that if Karen were to move to Lander, Wyoming, there would be a substantial change in Bartley's relationship with his father, other family and friends and that it would be in Bartley's best interests to remain in Indiana.

■ Finally, we believe that public policy favors the trial court's determination that it is in Bartley's best interests to remain in Indiana. Generally, in child custody modification cases, the policy of stability weighs in favor of avoiding a change in custody in order to avoid disrupting the child's life by moving them back and forth between parents. *Lebow,* 670 N.E.2d at 20. However, the policy of stability may also support a child custody modification, particularly, where an older child has formed many relationships which would end if the child moved to another state. *Lamb,* 600 N.E.2d at 99. In the instant case, the policy of stability supports the latter proposition. As previously stated, Bartley has established many relationships with friends and family in Indiana

which would continue if Bartley remained in Indiana with his father. In addition, the evidence reveals that Bartley's life would not be significantly disrupted if he lived with his father since he currently spends a significant amount of time with him and has a comfortable relationship with his father. R. at 87. Thus, the evidence, as well as public policy, support the trial court's finding that it would be in Bartley's best interest to remain in Indiana with his father should Karen move to Wyoming.

In summary, the trial court's findings support its decision to award Robert custody of Bartley should Karen move to Wyoming.[1] Although not every move out of state by a custodial parent will give rise to a change in custody, the trial court did not abuse its discretion here, because of Bartley's many established relationships with friends and family in Indiana, his close relationship with his father and the difficulty of traveling to Lander, Wyoming.

The trial court's judgment is affirmed.

ROBERTSON and STATON, JJ., concur.

1. We note that the trial court found that had Karen's plans to move been beyond her control, the court might have decided the case differently. R. at 34. We have previously held that a custodial parent's motivation for moving is not a proper consideration in a child custody modification. *See Swonder,* 642 N.E.2d at 1383. However, because we find that the evidence supports the remainder of the trial court's findings, we affirm the trial court's decision.