**Russella Taylor (Mason) TARRY, Appellant–Petitioner,**

v.

**Mark Victor MASON, Appellee–Respondent.**

No. 41A01–9809–CV–343.

Court of Appeals of Indiana.

May 19, 1999.

Rehearing Denied June 30, 1999.

William H. Dazey, Jr., Indianapolis, Indiana, Attorney for Appellant.

Paul A. Hass, Hass & Denslaw, Franklin, Indiana, Attorney for Appellee.

**OPINION**

RILEY, Judge

### STATEMENT OF THE CASE

Petitioner–Appellant Russella Taylor Tarry (Russella) appeals the trial court decision that ordered her minor children to attend school at Clark–Pleasant Schools in Johnson County, Indiana, when she lives in the Decatur Township School system and has physical custody of the children and joint legal custody with her former husband, Mark Victor Mason (Mark).

We affirm.

### ISSUE

Russella raises one issue for our review: whether the trial court abused its discretion in ordering that the minor children in the joint legal custody of divorced parents attend public school in the district of the non-physical custodial parent's residence.

### FACTS AND PROCEDURAL HISTORY

Two children were born of Mark and Russella's marriage: B., born October 29, 1989, and A., born November 25, 1991. On August 20, 1993, Mark and Russella agreed to dissolve their marriage and a decree was entered on October 22, 1993. Pursuant to the "Decree of Marriage Dissolution," each parent had joint legal custody of the children and both parents were considered primary parents. This arrangement was to last for a trial period of one year with each parent to care for the children for a period of six months.

On December 14, 1994, Mark and Russella entered into an Agreed Entry which provided that they shall have joint legal custody of the children, with Russella having physical custody subject to Mark's extended visitation set forth by the court's visitation guidelines. Mark's extended visitation included Tuesday and Thursday evenings from 3:30 until 7:00 and every other weekend from Thursday evening until Sunday evening. Mark and Russella also agreed to conduct themselves in accordance with the joint legal custody language of the agreement, which provided that an equal and mutual decision would be made regarding where the children would attend school. On August 22, 1997, Mark and Russella again modified the children's custody arrangement to allow the children to stay overnight with Mark on Tuesday and Thursday. Following the dissolution of marriage and during the custody arrangement resulting from the agreed entries, the children attended school in Whiteland, Indiana, in the Clark–Pleasant School system. After the dissolution, Russella moved several times and never lived near Whiteland. Mark has

either lived in Whiteland or Franklin, both within Johnson County, since the Agreed Entry of December 14, 1994.

In February of 1998, Russella notified Mark that she intended to move to Indianapolis and wanted the children to attend school in the Decatur school system because she was the physical custodial parent. On June 12, 1998, Mark filed a "Petition to Modify Physical Custody" alleging that Russella intended to uproot the children from their long standing support system by relocating them to a different school system.

Mark's petition was denied by the court's "Modification Order" of August 18, 1998. In that order, the court ruled that the December 14, 1994 Agreed Entry shall be modified to reflect that the children shall attend school at the Clark–Pleasant Schools in Johnson County because Mark and Russella were unable to reach a mutual decision regarding the children's schooling. Russella now appeals that ruling.

### DISCUSSION AND DECISION

Russella argues that the trial court abused its discretion by ordering that the children continue to attend school in the Clark–Pleasant School system, when she, the physical custodial parent, moved to the Decatur school district. Specifically, Russella contends that in the event of an impasse between joint legal custodial parents as to school selection, the physical custodial parent's decision should be viewed as controlling. We disagree. In a joint legal custody arrangement, "the persons awarded joint custody will share authority and responsibility for the major decisions concerning the child's upbringing, including the child's education, health care, and religious training." Ind.Code § 31–9–2–67.

▇ A determination of custody modification is committed to the sound discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. *Hanks v. Arnold*, 674 N.E.2d 1005, 1007 (Ind.Ct.App.1996). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* However, the facts of the present case are quite unusual because the trial court did not modify the custody determination. Instead, the trial court modified Russella's and Mark's "Agreed Entry" in order to provide that the minor children shall attend school at the Clark–Pleasant Schools. We hold that appellate review of a trial court's modification of an agreed entry should also be reviewed under an abuse of discretion standard. Further, because we recognize that the trial court is in a better position to make a custody determination, we are reluctant to reverse a trial court's determination concerning child custody unless the determination is clearly erroneous and contrary to the logic and effect of the evidence.

On December 14, 1994, the Johnson Circuit Court approved and ordered an "Agreed Entry" between Russella and Mark. Pursuant to the "Agreed Entry," Russella and Mark agreed to conduct themselves in accordance with the attached joint legal custody language, which provided:

> That the decisions that must be participated in equally and mutually by the parties shall include, but may not be limited to, decisions relating to schools, courses of studies, education, school selection, selection and participation in extra curricular activities and social activities, routine social engagements, trips without the inclusion of a parent, matters of religion, medical care treatment, and selection of health care providers.

(Supp. R. Exhibit A).

On August 18, 1998, following an evidentiary hearing on August 12, 1998, the trial court entered an order which provided in relevant part:

1. That on December 14, 1994, the parties entered into an "Agreed Entry" which provided in part for:

> (a) the parties to have joint legal custody of the minor children with the Petitioner [Russella] *having physical custody* of the minor children subject to Respondent's [Mark] extended visitation; and,
>
> (b) that the parties' joint legal custody would be defined to require, "decisions relating to schools, courses of studies, education, school selection" to be partici-

pated in equally and mutually by the parties.

* * * * *

7. Since December 14, 1994, a dispute has arose between the parties concerning the selection of a school location: with the Petitioner advocating for Decatur Township Schools; and, the Respondent advocating for Clark–Pleasant Schools.

8. That despite the parties' best efforts they have been unable to reach a "mutual" agreement on school selection.

9. That without modification of the December 14, 1994 Agreed Entry each party maintains equal input in school selection, with an impasse on the mutual selection resulting in no school location being determined.

10. That it is not in the minor children's best interests to remain in the situation where no school district can be determined by the parties.

11. That there is therefore a substantial change in one or more of those factors to be considered by the Court under Ind. Code 31–17–2–8.

12. That the December 14, 1997[sic] Agreed Entry is therefore modified to reflect, that absent a mutual agreement or further court order the minor children shall attend classes at Clark–Pleasant Schools in Johnson County, Indiana.

13. That in all other respects, the December 14, 1997[sic] Agreed Entry remains unchanged and in full effect.

(R. 11–12).

■ Here, we find no abuse of discretion because the evidence supports the trial court's order to modify the "Agreed Entry" to reflect that the children shall continue to attend the Clark–Pleasant Schools in the event of an impasse between Russella and Mark. The evidence reveals that the children have always attended the Clark–Pleasant Schools and have acclimated quite well to this arrangement. Both Russella and Mark agreed that there was substantial cooperation between them regarding decisions throughout the children's lives. In fact, the parties mutually agreed that the children would attend the Clark–Pleasant Schools in Whiteland until Russella moved to Indianapolis and claimed that her physical custody of the children should be the determining factor of the children's schooling. However, the school choice for the children is not unilaterally based upon physical custody because the Agreed Entry limited the choice to one of mutuality[1]. Moreover, the children have never attended school in the district that Russella lived, but instead, they have always attended school in the district where Mark lived. Therefore, because the parties have an amicable relationship and have the ability to make decisions regarding the children, we find that the trial court properly ruled that the Agreed Entry should be modified to reflect the agreement already reached. It is the best interests of the children that is the determining factor of whether to change a joint custody arrangement and the children should not suffer because Mark and Russella cannot reach a mutual decision on this one issue of schooling. An agreement was already in place, and to alter that arrangement would adversely affect the children. We find no abuse of discretion.

### CONCLUSION

The trial court properly ordered that the minor children in the joint legal custody of Mark and Russella attend Clark–Pleasant Schools in the district of Mark's residence, the non-physical custodial parent.

Affirmed.

SULLIVAN, J., and MATTINGLY, J., concur.

---

1. Collateral issues such as providing for the children's school transportation and tuition can be arranged by the parents. The parties have demonstrated that they can make mutual decisions evidenced by the agreed entries. Therefore, the parties must be afforded the opportunity to continue to reach an agreement with respect to important decisions about their children. Only until a decisional impasse is reached and the children's well-being is affected must a decision be made for them. Here, a custody arrangement was already in effect and the parties must abide by this arrangement or mutually modify the agreement unless the court enters an order of modification.