**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 10 2013, 5:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARTIN A. MCCLOSKEY**
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF GREGORY YOUNG, | ) | |
| | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1212-DR-538 |
| | ) | |
| NICOLE YOUNG, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-0702-DR-22

**July 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Gregory Young ("Father") and Nicole Young ("Mother") were divorced in 2010, and a property division, spousal maintenance, child support, parenting time, and custody order was entered in 2011.[1]  Father subsequently sought modification of the order, which the trial court denied.  Father now appeals the trial court's denial of his request to modify custody of the couple's child, P.Y. ("Child"), and the denial of his request to modify the court's award of maintenance to Mother.

We affirm.

**Issues**

Father presents two issues for our review, which we restate as:

I. Whether the trial court abused its discretion when it found no change in circumstances sufficient to warrant a change in custody arrangements, and therefore denied Father's motion to modify custody of Child; and

II. Whether the trial court abused its discretion when it reaffirmed its prior finding that Mother was unable to work and therefore denied Father's motion to modify the maintenance order.

**Facts and Procedural History**

We take a portion of the facts and procedural history from this Court's unpublished memorandum decision on Father's prior appeal of the maintenance order:

Husband and Wife were married in 2002 and separated in 2006.  They have one child, P.Y., who was born in 2000 and has special needs.  P.Y. has had a liver transplant, suffers from cognitive and learning problems, and has delayed physical, social, and academic development.

---

[1] In an unpublished memorandum decision, another panel of this Court addressed Father's prior appeal of the trial court's maintenance order.  See Young v. Young, Cause No. 20A05-1107-DR-383 Slip. Op. (Ind. Ct. App. March 25, 2012).

2

On February 8, 2007, Husband filed for divorce. The trial court held dissolution hearings on July 28 and September 29–30, 2010. At the July 28 hearing, Wife testified that she had suffered a back injury in February 2010 and had been unable to work since that time. According to Wife, someone had fallen on her, causing her to suffer two slipped discs in her back. Wife indicated that she expected to have back surgery and had scheduled an August 2, 2010 appointment with her back surgeon.

At the September 30 hearing, Wife again testified that her back injury made her unable to work. Wife still expected to have surgery but at that point was receiving water therapy and having epidural injections. In addition to her back injury, Wife testified that she was unable to work because she was primary caregiver for P.Y., who was often sick.

Following the hearing, the trial court bifurcated the proceedings, dissolving the marriage and taking the remaining issues under advisement. On April 6, 2011, Wife filed a notice of intent to relocate to Michigan, which would extend the distance between her home and Husband's by approximately five or six miles. Wife had remarried by that point. On April 19, 2011, Husband responded by, *inter alia,* objecting to the proposed relocation and requesting primary physical custody of P.Y. On May 3, 2011, the trial court permitted Wife to move pending an evidentiary hearing.

On June 22, 2011, the trial court entered an order in the parties' original dissolution action in which it granted primary legal custody of P.Y. to Wife and ordered Husband to pay $116 per week in child support. The trial court additionally ordered Husband to pay $100 per week in maintenance due to Wife's incapacity of a back injury, relatively few assets, and P.Y.'s special needs requiring that Wife forgo full-time employment. The trial court based its award upon Husband's imputed income of $897 per week and Wife's income of $100 per week. The trial court did not specify a termination date for the maintenance but ordered that it continue during Wife's period of incapacity.

During the July 6 and 13, 2011, evidentiary hearing on Wife's motion to relocate and Husband's petition for modification of custody, the parties stipulated to an income withholding order reflecting the court's order of $100 per week in maintenance. Husband did not argue that Wife had remarried or object to the withholding order on any ground. On July 19, 2011, the trial court entered an order permitting Wife's relocation, modifying the parties' parenting time arrangement, and denying Husband's request to modify custody of P.Y. In its order, the court found unpersuasive Husband's claim that Wife

was irresponsible in addressing P.Y.'s health problems. The trial court awarded Wife $2500 in attorney's fees for her costs in defending against Husband's petition for modification.

Young v. Young, Cause No. 20A05-1107-DR-383, Slip Op. at 2-4 (Ind. Ct. App. March 25, 2012). We further note that, during the pendency of the dissolution matter, the trial court appointed Mary Raatz ("Raatz") as Guardian ad Litem ("GAL") on Child's behalf; Raatz continued as Child's GAL during the events relevant to the instant appeal.

On February 3, 2012, during the pendency of the prior appeal, Father filed a verified petition with the trial court seeking, among other things, an order vacating his maintenance obligation as to Mother. The trial court conducted a hearing on the petition on February 14, 2012. Mother's counsel did not appear at this hearing because she had not received certain information from Mother; the trial court continued the hearing and ordered Mother to comply with requests for discovery.

On May 7, 2012, Father filed a verified petition seeking modification of custody of Child and his child support obligation, and a motion requesting a hearing on other pending matters. On May 22, 2012, Mother's counsel filed a motion to withdraw her appearance on Mother's behalf; this motion was granted after a hearing on June 11, 2012.

An evidentiary hearing was conducted on Father's petition and motions on June 20, July 18, and August 16, 2012. On October 17, 2012, the trial court entered an order in which it denied Father's petition to modify custody and child support, made no changes to parenting time, and made no change to the maintenance order as to Mother.

On November 16, 2012, Father filed a motion to correct error, which was denied on

4

November 20, 2012.

This appeal ensued.

**Discussion and Decision**

<u>Standard of Review</u>

Father appeals the trial court's order denying his requests to modify custody and to vacate the order of spousal maintenance for Mother.

"We review custody modifications for abuse of discretion with a 'preference for granting latitude and deference to our trial judges in family law matters.'" <u>K.I. ex rel. J.I. v. J.H.</u>, 903 N.E.2d 453, 457 (Ind. 2009) (quoting <u>Kirk v. Kirk</u>, 770 N.E.2d 304, 307 (Ind. 2002)). A trial court likewise has broad discretion to modify a spousal maintenance award. We will reverse orders concerning modification of such awards only for an abuse of discretion, and we "will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment." <u>Kirk</u>, 770 N.E.2d at 307. We extend such deference because:

> While we are not able to say the trial judge could not have found otherwise than he did upon the evidence introduced below, this Court as a court of review has heretofore held by a long line of decisions that we are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence, or that he should have found its preponderance or the inferences therefrom to be different from what he did.

<u>Id.</u> (quoting <u>Brickley v. Brickley</u>, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)).

Here, the trial court entered findings and conclusions. Our review of findings and conclusions is well settled:

5

we first determine whether the evidence supports the findings and then whether findings support the judgment. On appeal we shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. A judgment is clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment. A judgment is also clearly erroneous when the trial court applies the wrong legal standard to properly found facts.

K.I., 903 N.E.2d at 457.

We note that Mother has not filed an appellee's brief. Where the appellee has not filed a brief, we do not undertake the burden of developing arguments for her, and we apply a less stringent standard of review. Julie C. v. Andrew C., 924 N.E.2d 1249, 1255 (Ind. Ct. App. 2010). In such cases, we may reverse if the appellant establishes prima facie error, which is error "at first sight, on first appearance, or on the face of it." Id.

<u>Father's Petition to Modify Custody</u>

We turn first to Father's contention that the trial court abused its discretion when it denied his petition to modify custody of Child.

Indiana law provides for modification of a child support order in limited circumstances:

(a) The court may not modify a child custody order unless:

(1) the modification is in the best interests of the child; and

(2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter.

(b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.

6

(c) The court shall not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described by section 8 and, if applicable, section 8.5 of this chapter.

Ind. Code § 31-17-2-21.

The circumstances which the trial court must take into account when determining whether to modify custody must include the following factors:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parent or parents;

(B) the child's siblings; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

I.C. § 31-17-2-8.

Thus, the trial court must take the statutory factors into account in reaching its decision, and cannot grant a modification of custody unless both the modification is in the best interests of the child <u>and</u> there has been a substantial change in circumstances. The parent seeking a modification in custody must bear the burden of proving that the requested modification is in the best interests of the child and rests upon a substantial change in the statutory factors. <u>Kirk</u>, 770 N.E.2d at 307-08. These requirements serve "the policy of stability," which "weighs in favor of avoiding a change in custody in order to avoid disrupting the child's life by moving them back and forth between parents." <u>Hanks v. Arnold</u>, 674 N.E.2d 1005, 1008 (Ind. Ct. App. 1996).

Here, Father requested that the trial court grant him custody of Child. The trial court ultimately denied any modifications to both custody and parenting time; Father's appeal does not challenge the latter determination. Rather, Father asserts that the trial court's findings as to his request for custody were clearly erroneous, arguing that only Mother's "self-serving statements" support the trial court's order, and that Mother's "credibility is seriously in doubt." (Appellant's Br. at 7.) He also argues that Child "does not have 'fragile health,'" (Appellant's Br. at 7) and thus Mother's failure to require Child to attend school regularly is evidence of changed circumstances, while also arguing that Mother is not taking proper care of Child's medical needs. Father's argument relies heavily on the report of Raatz, the GAL appointed in this highly contentious matter.

As the Appellant, Father must demonstrate that there is no evidence to support the trial court's findings. Yet while Father attacks numerous of the trial court's findings as erroneous,

we cannot conclude that the evidence points unerringly toward a change in custody. Father notes that Child's school attendance has been inconsistent, with fifty absences and a number of incidents of tardiness; yet Child was home-schooled during the prior school year, apparently due to frequent absences. Mother's personal relationships have been volatile, with her remarrying and subsequently separating from a new husband and living for a time with another man; yet this, too, is not a deviation from Mother's past relationships.[2] While Child has missed some medical appointments, these were not great in number, nor did they apparently endanger Child; indeed, if anything, the trial court observed that Mother may be overly solicitous of Child's health conditions. And while Father directs us to Raatz's opinion that he, not Mother, should have custody of Child, the trial court appears to have relied upon its experience with the parties and expressly credited Raatz's conclusion that Father's conduct is largely intended as a way to make Mother's life more difficult—with Child's life suffering as a result—in concluding that there was not a substantial change in circumstances.

Recognizing that the parties' relationship has been extremely contentious, the trial court concluded that Father's petition was intended at least in part to wear down Mother. It is precisely this kind of experience with the parties that forms the basis for our deference to trial courts' judgments in custody matters, and we see no reason to second-guess the trial court's judgment here. To the extent Father's argument seeks a reassessment of Mother's

[2] Father contends that the trial court erred when it found no basis for finding that Mother had battered him. Father states that Mother was convicted of Battery in Michigan for an incident between the parties in Niles, Michigan, after one of daughter's softball games. We find nothing in the record to support this other than Father's contention and passing references to Mother's participation in a probation program. We thus cannot conclude that the trial court's finding was clearly erroneous, and note that, nevertheless, such an incident is also emblematic of the parties' historically acrimonious relations.

9

credibility or a reweighing of the evidence, we decline to do so, as our standard of review requires. Father failed to persuade the trial court that circumstances had changed such that he should have assumed custody of Child, and we find no error in the trial court's findings and conclusions on that issue. We therefore affirm the trial court's order on this point.

<u>Father's Petition to Modify Spousal Maintenance</u>

Father also contests the trial court's denial of his request that the trial court vacate the spousal maintenance order previously entered in favor of Mother.

Upon making findings as required by Indiana Code section 31-15-7-2, trial courts have discretion to order spousal maintenance upon dissolution of marriage or a decree of legal separation. I.C. § 31-15-7-2. Similar in some respects to the requirements for modifying child custody arrangements, a spousal maintenance order may only be modified:

(1) upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable; or

(2) upon a showing that:

(A) a party has been ordered to pay an amount in child support that differs by more than twenty percent (20%) from the amount that would be ordered by applying the child support guidelines; and

(B) the order requested to be modified or revoked was issued at least twelve (12) months before the petition requesting modification was filed.

I.C. § 31-15-7-3.[3]

The statutory grounds upon which a trial court must base both its initial order for maintenance and any subsequent modifications to the maintenance obligation provide:

---

[3] The statute makes an exception to this requirement based upon certain health insurance concerns not applicable here. <u>See</u> I.C. §§ 31-15-7-3 & 31-16-8-2.

(1) If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.

(2) If the court finds that:

> (A) a spouse lacks sufficient property, including marital property apportioned to the spouse, to provide for the spouse's needs; and

> (B) the spouse is the custodian of a child whose physical or mental incapacity requires the custodian to forgo employment;

the court may find that maintenance is necessary for the spouse in an amount and for a period of time that the court considers appropriate.

I.C. § 31-15-7-2. The spouse seeking modification of a maintenance order must bear the burden of proof, and must show by a preponderance of the evidence the existence of changed circumstances sufficiently substantial and continuing as to make the terms of the existing maintenance order unreasonable. Pala v. Loubser, 943 N.E.2d 400, 405 (Ind. Ct. App. 2011), trans. denied.

The trial court's original maintenance order in the instant case found two bases for the award of support to Mother: Mother's back injury, which prevented her from working, and Mother's full-time involvement in caring for Child, who was frequently ill. Father previously appealed the maintenance order, and this Court affirmed the trial court's award.

Father now appeals the trial court's denial of a modification to this order. In reaffirming the award, the trial court entered the following findings:

> 6. [Mother] continues to suffer from a medical disability. The video evidence submitted by [Father] does not warrant an opposite conclusion.

> ***

11

10. [Father] has failed to demonstrate that there has been a significant change of circumstances with respect to [Mother's] disability.

11. The video submitted in evidence is insufficient to prove that [Mother] is not disabled.

\*\*\*

19. [Father]'s income as of the time of the hearing based upon [Father]'s exhibit 20 is $943.60 dollars [sic] per week. [Father]'s income at the time the current support order was set was $897 dollars [sic] per week. Wife's income is substantially unchanged.[4]

20. [Father] has failed to demonstrate a 20 percent change in the child support obligation.

(App. at 32.) Based upon these findings, the trial court concluded, "[Father] has failed to meet his burden of proof with respect to change of circumstances warranting a modification of the [maintenance] order." (App. at 32.)

On appeal, Father contends that these findings are clearly erroneous, and thus the trial court's conclusion that there is no basis upon which to set aside the existing maintenance order amounts to an abuse of discretion. Specifically, Father argues that the evidence showed that Mother no longer suffers any injuries preventing her from working and that "she has the financial wherewithal to pay for and afford" a home that she is purchasing under a land contract. (Appellant's Br. at 16.)

We note that the video recordings of Mother at Child's softball practices and games were admitted into evidence but were not transmitted to this Court along with the record on appeal. We have thus been unable to review the video recordings ourselves. The trial court, however, found that the video recordings do not show that Mother does not suffer from an

_____

[4] At the time of the initial maintenance order, Wife's income was estimated at $100 per week.

injury preventing her from working. The court appears to have credited Mother's explanation that "[t]hrowing and catching a ball … probably for about 15 minute intervals … throughout an hour" is "a lot different than working 8 hours on your feet, lifting heavy items." (Tr. at 330.) Mother's testimony in this regard was a reference to her back injury and her experience working at a grocery store during part of 2012; Mother testified that she was unable to remain employed because of the stress the work put on her back.

Father provided no other evidence to the trial court concerning Mother's medical condition or her finances. Seemingly acknowledging this, Father complains that Mother has failed to comply with discovery requests concerning her medical records for an extended period of time. The trial court found Mother's conduct in this regard to be contumacious and ordered her to serve 72 hours in jail as a sanction. Yet Father has not demonstrated that Mother's failure to cooperate with discovery satisfies the statutory requirements for a change in the existing order for spousal maintenance. In the absence of other evidence, left with only Father's request that we reassess credibility and reweigh evidence, we cannot conclude that the trial court erred when it denied Father's request to vacate the spousal maintenance order.

**Conclusion**

The trial court did not abuse its discretion when it declined Father's petition to modify custody, nor did the trial court abuse its discretion when it declined to vacate the spousal maintenance order entered in favor of Mother. We therefore affirm the judgment of the trial court.

13

Affirmed.

NAJAM, J., and BARNES, J., concur.