## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2019, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Evan C. Reinhardt
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Edward L. Walter
Pritzke & Davis, LLP
Greenfield, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Evan C. Reinhardt,

*Appellant-Respondent,*

v.

Melissa K. Betzner,

*Appellee-Petitioner.*

April 18, 2019

Court of Appeals Case No.
18A-JP-2748

Appeal from the Marion Superior Court

The Honorable John M.T. Chavis, II, Judge

Trial Court Cause No.
49D05-0910-JP-49816

**Najam, Judge.**

## Statement of the Case

[1] Evan C. Reinhardt ("Father") appeals from the trial court's order granting in part and denying in part his petition to modify parenting time and for a change

of school for his son B.B. ("Child").  Father raises two issues for our review, which we consolidate and restate as a single issue, namely, whether the trial court erred when it denied, in part, his petition.  We affirm.

## Facts and Procedural History

Father and Melissa Betzner ("Mother") have one child together, Child, who was born out of wedlock in 2009.  Father established his paternity of Child, and Father and Mother agreed that Mother would have physical custody of Child, with Father exercising parenting time.  The trial court adopted the parties' agreed judgment.  Father subsequently married K.R., and they had two children together.  Throughout Child's life, Father and Mother have worked well together to manage parenting time and other issues related to Child.

On March 16, 2018, Father filed a verified petition to modify parenting time and child support and for a change of Child's school.[1]  Following a hearing on July 26, the trial court entered findings and conclusions as follows:

> 1.  Father is requesting more parenting time with minor child (50/50), a modification of child support and of his school placement from Mother's school district to Father's school district.
>
> 2.  The Court recognizes that both Mother and Father appear to love minor child dearly, including their extended families.

---

[1] Father has not included a copy of his verified petition in the appendix, which hinders our review of his contentions on appeal.  *See* Ind. Appellate Rule 50(A)(2)(f).

3. Minor child has completed grades kindergarten through second grade at Harrison Parkway Elementary School within the Hamilton Southeastern School District. Mother moved within the Hamilton Southeastern School District prior to minor child enrolling in kindergarten. Mother and Father researched and discussed the potential for private schools prior to her move from the Northwest side of Indianapolis to Fishers. Mother received written approval from Father to relocate to the Hamilton Southeastern School District per the January 2013 Agreed Entry.

4. Now, Father desires that minor child attend Indianapolis Public School #84, more commonly known as the Center for Inquiry School ("CFI").

5. IPS accepted minor child for admission into CFI through its lottery system. If minor child attends CFI 84, then all of his siblings are also automatically accepted to CFI 84. Although high ability curriculum is offered at CFI 84 through individual teacher application, the high ability students are encouraged to apply to Merle Sidener Academy for High Ability Students.

6. Minor child is enrolled in the high ability math and language arts at Harrison Parkway Elementary where it is offered in the general curriculum. The undisputed evidence establishes that the minor child is excelling academically by scoring above the Harrison Parkway school average and the state of Indiana average for children in his comparable grade level on the NWEA standardized testing.

7. Both parents testified that the minor child recently experienced some social issues in summer camp where he did not want to participate in the camp and sat outside the entrance while refusing to participate. Father also testified that he witnessed some of the minor child's friends on one occasion be congenial and on another occasion be unsociable to him at dropoff/pick-up from before-and-after school care. Neither

parent discussed counseling for the minor child with the other. Minor child has not engaged in any counseling nor has either parent suggested such to deal with the social issues.

8. The Court does not consider Father's request to modify parenting time a substantial change in circumstance pursuant to Ind. Code § 31-14-13-6[,] nor is his request to modify minor child's school placement in his best interest based upon the evidence presented during the hearing. Modifying parenting time to 50/50 is a de facto modification of custody subject to the substantial change in circumstance standard. *Julie C. v. Andrew C.*, 924 N.E. 2d 1249, 1256 (Ind. Ct. App. 2010).

9. Father's request to modify school placement is largely based upon a best interest of the child standard within *Tarry v. Mason*, 710 N.E.2d 215 (Ind. Ct. App. 1999). *Tarry* is contrasted from this case. In *Tarry*, that Court kept that child in the current school district of Clark-Pleasant with Father rather than allow the child to modify school placement to Mother's new location even though she was still the physical custodian. Mother in this case has not moved nor is seeking modification of the current school placement due to a requested relocation.

10. Father's request to modify school attendance from Harrison Parkway Elementary School to CFI is hereby denied.

11. Father's request for increased parenting time is hereby approved due to Mother's agreement proposed in open Court for additional parenting time and Father's strong commitment to continue to be an active part of minor child's life. Therefore, Father shall receive Sunday overnights on those alternating weekends he has minor child.

12. Father's support obligation shall not be modified and Mother shall continue to be ordered to pay for before-school and after-school daycare along with summer camps.

Appellant's App. at 9-12.  This appeal ensued.

## Discussion and Decision

[4]    Father contends that the trial court erred when it denied, in part, his petition for a modification of parenting time and denied his request that Child change schools.  In particular, Father maintains that the evidence shows a substantial change of circumstances to support more parenting time, and he asserts that both more parenting time and a change of school is in Child's best interest.  Father does not address these issues with separate arguments in his brief on appeal, but he asserts, generally, that the evidence does not support the trial court's judgment.

[5]    This court has held that "an increase to fifty percent of all parenting time amounts to a modification of physical custody." *Julie C. v. Andrew C.*, 924 N.E.2d 1249, 1256 (Ind. Ct. App. 2010).  As the trial court found, because Father sought a modification of parenting time that would have resulted in a fifty-fifty split, his petition was equivalent to a petition for modification of custody.  "A child custody determination is very fact-sensitive." *Steele-Giri v. Steele (In re Marriage of Steele-Giri)*, 51 N.E.3d 119, 125 (Ind. 2016).  Where, as here, the trial court's judgment is supported by findings of fact following an evidentiary hearing, we review the trial court's judgment under our clearly erroneous standard of review.  *E.g.*, *id.*  "Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them."  *Id.*

"[I]n order for the trial court to modify custody, it must find *both* that: 1) modification is in the best interests of the child; and 2) there is a substantial change in one or more of the factors enumerated in [Indiana Code Section 31-17-2-8 (2018)]." *Id.* at 127. In determining whether modification would be in the child's best interests, a trial court must consider all relevant factors, including changes in circumstances of both the custodial and noncustodial parents and the resulting and potential advantages and disadvantages to the child. *Joe v. Lebow*, 670 N.E.2d 9, 23 (Ind. Ct. App. 1996). And the factors enumerated in Indiana Code Section 31-17-2-8 are, in relevant part, as follows:

> The court shall determine custody and enter a custody order in accordance with the best interests of the child. In determining the best interests of the child, there is no presumption favoring either parent. The court shall consider all relevant factors, including the following:
>
> (1) The age and sex of the child.
>
> (2) The wishes of the child's parent or parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
>> (A) the child's parent or parents;
>>
>> (B) the child's sibling; and
>>
>> (C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

    (A) home;

    (B) school; and

    (C) community. . . .

Although both parents are presumed equally entitled to custody in the initial custody determination, a petitioner seeking subsequent modification bears the burden of demonstrating the existing custody order should be altered. *Bettencourt v. Ford*, 822 N.E.2d 989, 998 (Ind. Ct. App. 2005).

[7] Initially, Father asserts that the trial court "erred by adopting [Mother]'s proposed order essentially verbatim[.]" Appellant's Br. at 11. "As our [S]upreme [C]ourt has observed, the practice of accepting verbatim a party's proposed findings of fact 'weakens our confidence as an appellate court that the findings are the result of considered judgment by the trial court.'" *Nickels v. Nickels*, 834 N.E.2d 1091, 1096 (Ind. Ct. App. 2005) (quoting *Cook v. Whitsell-Sherman*, 796 N.E.2d 271, 273 n.1 (Ind. 2003)). However, the practice of adopting a party's proposed findings is not prohibited. *Id.* "Thus, although we by no means encourage the wholesale adoption of a party's proposed findings and conclusions, the critical inquiry is whether such findings, as adopted by the court, are clearly erroneous." *Id.*

[8] Father contends that the trial court's findings "included unsupported facts which do not support its conclusions of law." Appellant's Br. at 11.

Specifically, Father maintains that the trial court "essentially ignore[d] the evidence of changes in [Father's] family and their close ties to [Child]" as well as Child's "own request to change schools and attend CFI." *Id.* Father asserts that, "[i]n overlooking [that evidence], the Court has rendered findings of fact which do not support its judgment because [the Court] has failed to sufficiently consider" the statutory factors. *Id.*

[9] Father also maintains that "he has firmly established that more than one of the factors enumerated in Indiana Code [Section] 31-17-2-8 has changed substantially and he has established that the proposed modification is in [Child's] best interest because of the changes in those factors." *Id.* at 7. In support of that contention, Father cites the evidence that: Child "was beginning to struggle socially" and a move to CFI "would be a better setting" for him; Father had gotten married and had two children who had bonded with Child; Father's grandmother lives with them and has bonded with Child; Child has friends in Father's neighborhood; and Mother agreed that it was important for Child to spend time with Father. *Id.* at 9.

[10] Father's arguments on appeal are merely requests that we reweigh the evidence, which we cannot do. First, Father's contention that the trial court relied on "unsupported facts" is without merit. We have reviewed the record, and each of the court's findings is supported by the evidence. Second, Mother presented evidence that: Child is "excelling" academically in his current school; Father married K.R. in 2010, which was prior to the parties' agreed entry regarding parenting time and, thus, cannot be considered a change in circumstances; and

Child's "social issues" have not been serious enough to warrant counseling for Child. Tr. at 115, 127. Third, the trial court expressly considered Child's relationships with both parents and their "extended families." Appellant's App. at 10. Finally, given Child's young age, Child's desire to attend CFI does not warrant significant weight.

[11] Father has not demonstrated that the trial court's order, which increased Father's parenting time by one overnight every two weeks, was clearly erroneous. The evidence supports the trial court's findings, and the findings support the court's conclusions. Accordingly, we affirm.

[12] Affirmed.

Baker, J., and Robb, J., concur.