## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 10 2019, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie D. Johnson
Weeden Law, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Ryan M. Spahr
Spahr Law Office, LLC
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dereka L. Morris, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Jermaine T. Moore, <br> *Appellee-Respondent.* | May 10, 2019 <br><br> Court of Appeals Case No. 18A-JP-2184 <br><br> Appeal from the Marion Circuit Court <br><br> The Honorable Sheryl L. Lynch, Judge <br><br> The Honorable Marie L. Kern, Magistrate <br><br> Trial Court Cause No. 49C01-0809-JP-44247 |

**Mathias, Judge.**

Dereka Morris ("Mother") appeals the denial of her Notice of Intent to Relocate from the Marion Circuit Court on the sole basis that Jermaine Moore ("Father") failed to object within sixty days of receiving the Notice.

We affirm.

## Facts and Procedural History

On November 17, 2008, Mother and Father established paternity of their minor child. On July 6, 2017, Mother, acting pro se, filed a Notice of Intent to Relocate.[1] She requested to relocate herself and the child to Florida. On September 5, 2017, Mother filed a Motion to Modify Parenting Time. The next day, on September 6, 2017, Father filed a "Verified Objection to Petitioner's Relocation with the Minor Child." Appellant's App. pp. 43–44. On October 12, 2017, Mother filed a Motion to Dismiss Father's objection, arguing that Father did not respond within the sixty-day time frame outlined in Indiana Code section 31-17-2.2-5, and because he missed the deadline, she was free to relocate to Florida with the child. On November 7, 2017, the trial court entered an order that the child could not be relocated pending final hearing and order, that the parties go to mediation, and set a final hearing for January 9, 2018. This January hearing was continued, and on May 2, 2018, Father filed a petition requesting modification of custody should Mother relocate to Florida. The

---

[1] Mother had twice previously filed a Notice of Intent to Relocate, initially on March 29, 2014 and on March 31, 2015, both of which indicated an intention to relocate to Florida. Father objected to both of these previous notices.

court heard all pending issues on that same day. Mother maintained throughout the proceedings that she would not move to Florida unless she was granted permission to take child with her. Mother, Father, and child resided in Indiana throughout the proceedings. On August 10, 2018, the trial court issued a final order regarding Mother's Notice of Intent to Relocate and Father's objection and petition to modify custody should Mother relocate, denying Mother's request to relocate. Mother now appeals.

## Discussion and Decision

[4] Upon review of a trial court's determination of a visitation issue, we grant latitude and deference to our trial courts, reversing only when the trial court manifestly abuses its discretion. *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002); *Lasater v. Lasater*, 809 N.E.2d 380, 400 (Ind. Ct. App. 2004). No abuse of discretion occurs if there is a rational basis in the record supporting the trial court's determination. *Lasater*, 809 N.E.2d at 400. We will neither reweigh evidence nor judge the credibility of witnesses. *Id*. "We will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment." *Baxendale v. Raich*, 878 N.E.2d 1252, 1257–58 (Ind. 2008).

[5] "Indiana has long recognized that the rights of parents to visit their children is a precious privilege that should be enjoyed by noncustodial parents." *Duncan v. Duncan*, 843 N.E.2d 966, 969 (Ind. Ct. App. 2006), *trans. denied*. Indiana Code chapter 31-17-2.2 provides the statutory framework for parents wishing to relocate. Certain relocating individuals are required to file a notice of intent to

move and provide certain information "not later than ninety (90) days before the date that the relocating individual intends to move." Ind. Code § 31-17-2.2-3. Indiana Code section 31-17-2.2-5, provides, in relevant part,

> (a) Not later than sixty (60) days after receipt of the notice from the relocating individual under IC 31-14-13-10 or this chapter, a nonrelocating parent may file a motion seeking a temporary or permanent order to prevent the relocation of a child.

> ***

> (e) If the nonrelocating parent fails to file a motion under subsection (a), the relocating individual who has custody of the child may relocate to the new residence.

[6] A custodial parent's move out of state, by itself, is not sufficient to support a change in custody. *Hanks v. Arnold*, 674 N.E.2d 1005, 1007 (Ind. Ct. App. 1996). However, an inconvenience to the non-custodial parent caused by the custodial parent's relocation out of state "does not in itself warrant child custody modification." *Id.* at 1008.

[7] Mother relies heavily on *Jarrell v. Jarrell* for her contention that she is allowed to relocate to Florida with the child because Father missed the deadline to file his objection to her proposed relocation. 5 N.E.3d 1186, 1192 (Ind. Ct. App. 2014), *trans. denied*. In *Jarrell*, Mother moved 180 miles and a three-hour drive away from Father only six months after dissolution was entered. However, Mother and Father maintained the custody arrangement, alternating custody of the minor child on a weekly basis, meeting in a city halfway between their

residences. Almost two years after Mother moved, Father filed a petition with the trial court requesting modification of the custody order, arguing that because the minor child was set to begin kindergarten in August of 2013, the weekly custody arrangement would no longer be feasible. Father also argued that Mother had failed to provide the Notice of Intent to Relocate prior to moving. The trial court held a hearing and conducted an *in-camera* interview of the minor child. At the conclusion, the trial court maintained joint legal custody but granted sole physical custody to Mother. On appeal, a panel of our court noted that both parties "failed to comply with the requirements of the Relocation Statute: Mother should have provided notice, and Father should have timely objected." *Id.* at 1193. However, Father acquiesced to Mother's relocation for two years, and during these two years, it was inevitable that the minor child would need to start kindergarten. "The fact that the custody arrangement would become infeasible did not arise unexpectedly." *Id*. This court determined that, because Father acquiesced to Mother's relocation, the trial court did not commit error. *Id.*

[8] Here, Mother filed her Notice of Intent to Relocate on July 6, 2017. Appellant's App. pp. 35–38. The Certificate of Service states that a copy of this Notice was mailed to Father on July 5, 2017. *Id.* at 38. Mother argues on appeal that Father was served with a copy of the Notice on July 7, 2017. In support of this argument, Mother cites to her Motion to Dismiss which states that Father "received and signed for via certified mail a copy of the notice of intent to relocate" on July 7, 2017. *Id.* at 46. In spite of this assertion, the record before us

does not contain a certified receipt showing when Father received the Notice. Nor does the record contain any testimony or other evidence supporting Mother's assertion in her Motion to Dismiss that Father received the Notice on July 7, 2017. Father filed his objection to the proposed relocation on September 6, 2017. The trial court determined that "Father's objection to relocation was filed 2 days past the 60-day requirement, but no objection to the untimely filing was raised."[2] *Id.* at 21.

[9] In the instant matter, Father's two-day delay in responding to Mother's Notice of Intention to Relocate is a far cry from two years of acquiescing to relocation, even where the Mother in *Jarrell* did not file a Notice of Intent to Relocate prior to moving. Further, given the facts of this matter, we are unable to see any prejudice to Mother by such a slight delay in Father's objection. The two days of which Mother complains on appeal did not interfere with her ability to have the court determine the issue on the merits, nor did it cause any significant delay in the trial court's decision. While we might reach a different conclusion on different facts, we do not find error with the trial court's decision on the facts before us. It is also important to view this issue in the context of the constitutional rights concerning parenting.

---

[2] Indiana Trial Rule 6(E) provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by United States mail, three [3] days shall be added to the prescribed period." It is possible that Father's objection was not untimely filed. However, because this was not raised below, and because we determine that the slight delay does not form a basis for reversal, we do not address this in detail.

# Conclusion

[10] Because we determine that Father's two-day delay in filing an objection to Mother's Notice of Intent to Relocate does not form an adequate basis for reversal under the facts before us, we affirm the trial court's decision.

[11] Affirmed.


Brown, J., concurs in result with opinion.

May, J., concurs.

# IN THE
# COURT OF APPEALS OF INDIANA

Dereka L. Morris,

*Appellant-Petitioner,*

v.

Jermaine T. Moore,

*Appellee-Respondent.*

Court of Appeals Case No.
18A-JP-2184

---

**Brown, Judge, concurring in result.**

[12]  I concur in result but write separately because I believe that Father's objection was timely. The trial court found that his September 6, 2017 objection was filed two days past the sixty-day requirement. However, Indiana Trial Rule 6(E) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by United States mail, three [3] days shall be added to the prescribed period.

[13]  Here, the copy of Mother's notice of intent to relocate included in the appellant's appendix states, under a heading for Certificate of Service, that a copy of the notice was mailed to him on July 5, 2017. Pursuant to Ind. Trial Rule 6(E), three days should be added to the applicable prescribed period, and

his objection was not untimely. I agree that the timing of his objection does not form an adequate basis for reversal and thus concur in result.