**In re the Marriage of Julie Marie BOJRAB, Respondent (Appellant below),**

v.

**George David BOJRAB, Petitioner (Appellee below).**

**No. 02S03–0308–CV–365.**

Supreme Court of Indiana.

June 28, 2004.

Nana Quay–Smith, Karl L. Mulvaney, Candace L. Sage, Denise W. Chavis, Bingham McHale LLP, Indianapolis, IN, Attorneys for Appellant.

Stephen P. Rothberg, Fort Wayne, IN, Attorney for Appellee.

DICKSON, Justice.

In this appeal following a dissolution of the marriage, we hold (1) that a trial court

may not order a prospective custody modification upon the happening of a future event but it may declare a present custody determination is conditioned upon the continuation of present circumstances, and (2) that a party does not waive the right to appeal from a provisional order for support or maintenance by failing to take an interlocutory appeal.

The marriage of Julie Marie Bojrab and George David Bojrab was dissolved by dissolution decree on March 28, 2002. Upon appeal by the wife and cross-appeal issues by the husband, the Court of Appeals affirmed in part, and it reversed and remanded in part. *Bojrab v. Bojrab*, 786 N.E.2d 713 (Ind.Ct.App.2003). The husband sought transfer, which we granted. 804 N.E.2d 747 (Ind.2003).

The wife's appeal challenges the trial court's order prohibiting the mother's relocation, its division of marital property, its ruling on the motion to correct error, and its computation of child support. The husband's cross appeal alleges that the trial court used dissimilar methodology in dividing certain similar marital assets, failed to adjust the marital estate to reflect the husband's significant decrease in income following entry of provisional orders for support and maintenance, failed to adjust the property division to reflect the husband's protracted temporary payments to or for the wife out of his post-petition property, and failed to consider in the division of the marital property the wife's waiver of a substantial inheritance from her father during the marriage. Having granted transfer, we elect to address only two issues: (1) conditional prospective custody modification and (2) waiver of challenge to denial of retroactive modification of provisional maintenance and support. As to all other issues, the Court of Appeals is summarily affirmed pursuant to Indiana Appellate Rule 58(A)(2).

### 1. Conditional Prospective Custody Modification

■ The March 28, 2002, thoughtful dissolution decree included extensive findings of fact and conclusions of law regarding the custody of the parties' three children, then ages eight, six, and four. Among its sixty-five findings of fact regarding the parties' children, the trial court found that "both parties love and care for the children"; that both are "appropriate and able to serve as the custodial parent of the children"; that both "have been active in the care of the children"; that the continued involvement of the husband, a physician, in the decisions regarding the children's medical care "will aid in assuring their greatest level of care"; that despite "accusations of domestic violence, the [husband] has been a caring and nurturing father and poses no risk to the children when they are in his care"; that the parties have stipulated that the best interests of the children are served by granting the wife custody of the children; that the wife desires to relocate with the children to Livonia, Michigan, approximately 160 miles (two and a half hours of travel time) from the husband's residence; that both Livonia, Michigan, and Allen County, Indiana, offer equivalent resources and youth development opportunities; that both Livonia and Allen County offer the presence of numerous supportive family members with whom the children have a close and positive relationship; that early in their marriage, the parties decided to reside and raise their family in Allen County, but "over time, the [wife] pined for relocation to her hometown of Livonia"; and that the wife's "desire to live in Michigan was the primary cause for the parties' arguments." Appellant's Appendix at 150–55. The court received and considered custody evaluations from two clinical psychologists, one presented by each party.

The decree expressly noted that the case of *Hanks v. Arnold,* 674 N.E.2d 1005 (Ind.Ct.App.1996), affirmed a trial court's order to continue the custody of the child with the mother unless she relocated, "whereupon, [the father] would become the custodial parent." Appellant's Appendix at 161, *quoting Hanks,* 674 N.E.2d at 1007. The trial court in the present case concluded in pertinent part:

6. The children need regular, consistent, and quality contact with their father.

7. The best interests of the children are served by granting the [wife] custody of the parties' minor children so long as the residence remains in Allen County, Indiana.

8. The [husband] should be granted parenting time with his children as set forth in the Indiana Parenting Time Guidelines provided however, that the [husband] be afforded deviations therefrom as may be required by virtue of the time demands of his profession in the medical field.

Appellant's Appendix at 162. While the wife proposed that she reside with the children in the four-bedroom home of her mother in Livonia, the trial court noted that, remaining in Allen County, the wife would "need additional resources to establish a new home for herself and the children" and ordered a division of the marital estate, awarding the wife a 60% distribution under these circumstances. Appellants Appendix at 163. Based upon its findings and conclusions, the trial court ordered, in part:

[The wife] is granted the custody of the parties' minor children.... The best interests of the children are served by requiring that they remain in the Allen County, Indiana community. Accordingly, the grant of custody of the parties' minor children is subject to maintaining their residence in Allen County, Indiana.

In the event the [wife] decides to relocate outside Allen County, Indiana, without the agreement of the [husband] or further order of this court, custody of the children shall be granted to the [husband].... The [husband] is granted parenting time with his children.... In the event the [wife] foregoes custody and moves to Livonia, Michigan, then the Indiana Parenting Time guide-lines will be applicable to her.

*Id.* at 164–65.

Of the wife's several arguments regarding the trial court's order relating to the relocation of the children's residence, we focus only on her contention that the trial court erred in granting an automatic change of custody prospectively upon her future relocation. She argues that the order completely disregards the trial court's statutory obligations to grant a change of custody only upon finding both that there is a substantial change regarding enumerated factors and also that the modification is in the best interests of the child. Indiana Code § 31–17–2–21.

On this point, the Court of Appeals acknowledged that the prospective change allegedly ordered would probably violate the statute "if the language at issue in the trial court's dissolution order were applied in the future to enact an automatic change in custody of the children." *Bojrab,* 786 N.E.2d at 730. But its opinion explained:

[T]he trial court's order can be read to indicate either present or future application. To have only a present impact, the trial court's order would have had to read something like: "If Wife is staying in Allen County, then custody of the children is granted to Wife. However, if Wife is moving to Michigan, then custody of the children is granted to Husband." Rather than explicitly using present tense, the trial court's order provides that custody "shall be granted"

to Husband if Wife "decides to relocate," which can be read to indicate that custody automatically would shift to Husband if Wife decides to relocate at any time in the future.

*Id.* at 729. Concluding that such eventuality was "not before us today," *id.* at 730, the Court of Appeals interpreted the order "to be only a current denial of [the wife's] petition to move the children to Livonia," *id.*, which it found was not erroneous and was supported by sufficient findings. *Id.* at 735.

We agree that a trial court may not prospectively order an automatic change of custody in the event of any significant future relocation by the wife. The decree does contain language ordering that, in the event the wife unilaterally decides to relocate outside Allen County, Indiana, "custody of the children shall be granted to the [husband]." Appellant's Appendix at 164. This language is inconsistent with the requirements of the custody modification statute, Indiana Code § 31–17–2–21.[1] Immediately preceding such language declaring a conditional future change of custody, however, the decree states: "the grant of custody of the parties' minor children is subject to maintaining their residence in Allen County, Indiana." Appellant's Appendix at 164. There is a significant difference between the two phrases. One purports to automatically change custody upon the happening of a future event; the other declares that the present award of custody is conditioned upon the continuation of the children's place of residence. While the automatic future custody modification violates the custody modification statute, the conditional determination of present custody does not. The latter is a determination of present custody under carefully designated conditions. Upon a violation of said conditions by the wife as custodial parent, the basis for the custody order is undermined, and the husband may seek a change in custody pursuant to the

---

1. Indiana Code § 31–17–2–21 provides:
   (a) The court may not modify a child custody order unless:
   (1) the modification is in the best interests of the child; and
   (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8 and, if applicable, section 8.5 of this chapter.
   (b) In making its determination, the court shall consider the factors listed under section 8 of this chapter.
   (c) The court shall not hear evidence on a matter occurring before the last custody proceeding between the parties unless the matter relates to a change in the factors relating to the best interests of the child as described by section 8 and, if applicable, section 8.5 of this chapter.
   Ind.Code § 31–17–2–21. Section 8 directs that custody determinations shall be made in accordance with the best interests of the child, which shall include consideration of all relevant factors, including:
   (1) The age and sex of the child.
   (2) The wishes of the child's parent or parents.

   (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
   (4) The interaction and interrelationship of the child with:
   (A) the child's parent or parents;
   (B) the child's sibling; and
   (C) any other person who may significantly affect the child's best interests.
   (5) The child's adjustment to the child's:
   (A) home;
   (B) school; and
   (C) community.
   (6) The mental and physical health of all individuals involved.
   (7) Evidence of a pattern of domestic or family violence by either parent.
   (8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.
   Ind.Code § 31–17–2–8. Section 8.5 applies only where a child has been cared for by a de facto custodian.

custody modification statute. This is consistent with the operation of Indiana Code § 31–17–2–23, which establishes procedures that apply when a person who has been awarded child custody intends to relocate outside Indiana or more than 100 miles from the existing residence. The statute calls for a notice by the relocating party and, upon request of either party, "a hearing for the purposes of reviewing and *modifying*, if appropriate, the *custody*, visitation, and support orders." Ind.Code § 31–17–2–23(b) (emphasis added). Construed in this manner, the trial court's custody order is not improper. We understand this to be the position of the Court of Appeals, which we find correct.

In a separate issue, the Court of Appeals held that in restricting the wife from relocating outside of Allen County, the trial court imposed a requirement more restrictive than the requirements for notice provided by Indiana Code § 31–17–2–23,[2] and remanded for modification accordingly. The husband did not challenge this determination in his petition to transfer.

## 2. Denial of Provisional Order Modification

■ Contending that his real income considerably decreased during the two-year pendency of the dissolution proceedings, the husband contends that the trial court erroneously declined to retroactively modify its order for provisional maintenance and child support by effecting the requested reduction through "adjustment in the final distribution of the marital estate." Br. of Appellee at 43.

The petition for dissolution was filed by the wife on January 10, 2000. On February 2, 2000, the trial court's provisional orders required the husband to pay child support of $679.73 per week, granted the wife exclusive possession of the marital residence, and ordered the husband to pay the monthly mortgage indebtedness. Additional provisional findings were entered on August 29, 2000, including an order that the husband pay maintenance to the wife in the sum of $4,000 per month retroactive to January 10, 2000. Supplemental Appendix of Appellant at 4–5. This determination was based on the husband's 1999 annual income plus his 2000 bonus to the date of the hearing although the husband testified "that he may leave his employment at Preferred Anesthesia Consultants, Incorporated (PAC) in the near future." *Id.* at 6. The husband points to a separate order entered August 29, 2000, stating in part:

That the [husband] shall be given leave to present testimony and evidence on the issue of the alleged change in his financial circumstances since the presentation of testimony and evidence on provisional matters . . . .

That the maintenance order entered this date, August 29, 2000, shall continue in effect, however, the Court advises that said Order is based on the parties' incomes from the period of January 10, 2000, through July 31, 2000. In the event that at trial, the court determines that a modification of the maintenance order is appropriate, any amount of

2. Indiana Code § 31–17–2–23 provides in part as follows:

(a) If an individual who has been awarded custody of a child under this chapter intends to move to a residence:
(1) other than a residence specified in the custody order; and

(2) that is outside Indiana or at least one hundred (100) miles from the individual's county of residence;
the individual must file a notice of the intent to move with the clerk of the court that issued the custody order and send a copy of the notice to a parent who was not awarded custody and who has been granted visitation rights . . .

overpayment towards the maintenance award shall be deducted from the [husband's] maintenance arrearage.

Appellee's Supplemental Appendix of June 23, 2004, at 1–2. He contends that the trial court viewed its maintenance order of August 29, 2000, order "as a modifiable order, subject to revision on a retroactive basis, and that the trial court intended to hear evidence on the issue at trial with an eye toward modifying the order if the evidence supported modification." *Id.* at 10.

The final decree did include findings summarizing the obligations imposed by the provisional orders of February 2 and August 29, 2000. The decree also found that on July 31, 2000, the husband "voluntarily discontinued his employment with PAC ... whereby he surrendered his partnership and ownership interest," and on August 1, 2000, "began providing pain management services through Pain Management Associates (PMA)," an entity formed and owned by the husband and another former employee/shareholder/partner of PAC. Appellant's Appendix at 156. The decree expressly found that the husband "could have chosen to continue his employment, partnership and shareholder status with PAC and [to] provide general anesthesia services, but not pain management services," *id.*, that the husband "likely would have taken financial measures to maintain the standard of living for his wife and children during the transition from his employment with PAC to PMA," that the indebtedness incurred by the husband during the pendency is "not an unreasonable hardship" and that the husband "had the financial ability to pay his maintenance obligations as previously ordered." *Id.* at 157. The final decree ordered that "the [husband's] pray-

er to retroactively modify the provisional orders is denied." *Id.* at 165.

The husband contends that the trial court erred in refusing to retroactively reduce his provisional obligations so as to reflect his "real income." Br. of Appellee at 42. He urges that during the start-up time associated with the opening of his new practice in pain management, he lacked the means to pay the provisional maintenance and support orders. Arguing that the evidence established that he was entitled to a reduction in his temporary support obligation, the husband urges that the trial court erred in declining to grant such reduction through an adjustment of the final distribution of the marital estate.

The Court of Appeals declined to address this contention, noting that Indiana Appellate Rule 14(A) provides that interlocutory orders for the payment of money may be appealed as a matter of right by filing a notice of appeal within thirty days of the interlocutory order. Because an order of temporary support and maintenance is an order for the payment of money, the Court of Appeals held that by failing to appeal within thirty days following the denial of his request for modification, the husband "waived any error that occurred, and he may not now appeal the interlocutory order on appeal of the final judgment." *Bojrab,* 786 N.E.2d at 721.

■ Shortly after the Court of Appeals issued its decision, we decided *Georgos v. Jackson,* 790 N.E.2d 448 (Ind.2003), which held that, even though an interlocutory order may be appealable as of right under Appellate Rule 14(A)(2), there is no requirement that an interlocutory appeal be taken. *Id.* at 452. A claimed error in an interlocutory order is not waived for failure to take an interlocutory appeal but may be raised on appeal from the final judgment. *Id.*[3,4]

**3.** The effect of *Georgos* is to overrule prior decisions that held orders for temporary maintenance or support (being orders for the payment of money and thus appealable inter-

locutory orders) must be immediately challenged by interlocutory appeal, and that the failure to do so waives the right to assert such

As to the merits of the husband's challenge to the trial court's decision not to retroactively modify support and maintenance, we find no error. Here the trial court found that the husband voluntarily left one position for another and that he could have remained at his prior position, that he would have taken financial measures to maintain the standard of living for his wife and children during the transition, and that he had the capacity to finance the support and maintenance during this time. While legitimate reasons may exist for a parent to leave one position and take a lower paying position other than to avoid child support obligations, this is a matter entrusted to the trial court and will be reversed only for abuse of discretion. *See Elliott v. Elliott*, 634 N.E.2d 1345, 1348–49 (Ind.Ct.App.1994); *Ullery v. Ullery*, 605 N.E.2d 214, 215 (Ind.Ct.App.1992). Considering the facts most favorable to the judgment without reassessing credibility or reweighing the evidence, we cannot say that the trial court abused its discretion in the present case.

## Conclusion

Because we hold that the trial court order does not order a prospective custody modification upon the happening of a future event but only conditions a present custody determination upon the continuation of present circumstances, we affirm the trial court order in this regard. We also hold that the husband did not waive the right to appeal from a provisional order for support or maintenance by failing to take an interlocutory appeal, but that the trial court did not abuse its discretion in denying his request for retroactive modification in the final decree. In all other respects we summarily affirm the opinion of the Court of Appeals, under which the trial court is affirmed in part, and reversed and remanded in part.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

challenge in an appeal from final judgment. *See, e.g., Crowley v. Crowley*, 708 N.E.2d 42, 50 (Ind.Ct.App.1999); *Burbach v. Burbach*, 651 N.E.2d 1158, 1162 (Ind.Ct.App.1995); *Indiana High School Athletic Assoc. v. Raike*, 164 Ind.App. 169, 191, 329 N.E.2d 66, 80 (1975).

4. Even in the absence of our holding in *Georgos*, we would disagree with the Court of Appeals determination that the husband is erroneously appealing from an interlocutory order. He is not appealing from an interlocutory provisional order but from the final judgment. His request for retroactive modification of provisional maintenance and child support was not made in a pre-trial motion to modify but was presented as part of the final trial, and the trial court denied the request as part of its final dissolution decree. Neither of the authorities cited by the wife and the Court of Appeals apply to modification decisions made as part of a final decree. *See Crowley v. Crowley*, 708 N.E.2d 42, 50 (Ind.Ct.App.1999) (appeal from interlocutory provisional order entered five months before final decree); *Burbach v. Burbach*, 651 N.E.2d 1158, 1162 (Ind.Ct.App.1995) (appeal from denial of interlocutory petition to modify provisional order entered four months before final decree).