## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Aug 04 2015, 9:32 am
CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Dorothy Ferguson<br>Anderson, Indiana | Katherine A. Harmon<br>Jared S. Sunday<br>Mallor Grodner LLP<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Bethany Koorsen,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Benjamin Koorsen,<br>*Appellee-Respondent,* | August 4, 2015<br><br>Court of Appeals Case No.<br>48A05-1411-DR-532<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Jason Childers, Judge<br><br>Case No. 48C06-1112-DR-840 |

**Vaidik, Chief Judge.**

# Case Summary

[1] In summer 2014 Bethany Koorsen ("Mother") filed notice of her intent to relocate from Pendleton, Indiana, to Albion, Indiana, ninety minutes away, with the parties' three children. Benjamin Koorsen ("Father") opposed

Mother's relocation request. Two weeks later—and before the trial court could hold a hearing—Mother moved to Albion with the children. In August, after a hearing, the trial court determined that relocating to Albion was not in the children's best interests and denied Mother's relocation request. On appeal, Mother argues that this was error. She also claims that the court erred by ordering that Father would have custody of the children if Mother remained in Albion. Because we find no error in either respect, we affirm.

## Facts and Procedural History

[2] Mother and Father have three children. Since the parties' divorce in 2012, Mother has had primary physical custody of the children, and Father has exercised regular, frequent parenting time. The parties share legal custody, and Father pays child support. Before these proceedings began, both parties lived in Pendleton, Indiana.

[3] In June 2014 Mother filed notice of her intent to relocate with the children to Albion, Indiana—approximately ninety minutes from Pendleton. Father opposed the move. Two weeks later, Mother moved to Albion and took the children with her.

[4] At the August 2014 hearing on Mother's relocation petition, Mother testified that she moved to Albion because she got sick, lost her two jobs, and could not afford her rent in Pendleton. Tr. p. 10. In Albion, she lived with her mother ("maternal grandmother") in a three-bedroom house. *Id.* Mother testified that

she planned to attend nursing school at the Fort Wayne Ivy Tech campus, and maternal grandmother would watch the children when she was in school. *Id.* at 11, 32. She did not have a job, but she thought she might get work at a local movie theater. *Id.* at 14. Mother admitted that after moving to Albion, she made educational decisions without consulting Father: she enrolled the parties' youngest child in a preschool program and the other children in a private Lutheran school, although the family was not Lutheran. *Id.* at 14-18. Because Mother could not afford to pay private-school tuition, she had applied for tuition vouchers, which had not yet been approved. *Id.* at 28-29. When asked about Father's ability to see the children if they lived in Albion, Mother admitted that she would not be able to transport them to and from Pendleton. *Id.* at 24-25. She also admitted that Father had a great relationship with the children and that it would be difficult for the children to see Father much less than they were accustomed to. *Id.* at 25.

[5]    Father testified that before Mother moved, he and his fiancée had the children nearly fifty-percent of the time. *Id.* at 47. The children's school and doctors were near Father's home in Pendleton, and Father's family friend had provided affordable childcare for the children for years. *Id.* at 51-52. Father expressed concern about maternal grandmother watching the children because she had mental-health issues, and he and Mother had previously agreed not to let her watch the children. *Id.* at 50. When asked how the move would affect the amount of time he would spend with the children, Father became emotional and said that the distance would make it difficult for him to see the children

often and that he would miss their daily activities. *Id.* at 52. He asked the court to order Mother to move back to Pendleton or grant him primary physical custody of the children. *Id.* at 56.

[6] After taking the matter under advisement, the court issued an order denying Mother's request to relocate with the children. The court explained that the move to Albion was not in the children's best interests:

> Both Mother and Father have significant bonded relationships with the children. Prior to Mother's move, Father had parenting time with the children almost fifty (50%) percent of the time. However, since Mother's move to Albion[], Father's parenting time has been dramatically reduced due to the significant distance between the parties' respective residences, as well as Father's work schedule at Gordon Food Services. Consequently, Mother's relocation has made it difficult for Father to maintain the relationship he has established with the parties' children.
>
> Further, [] Mother and the [] children are living with . . . [maternal] Grandmother in Albion[.] Thus, when Mother is gone, Grandmother watches the children. However, when the parties were married, the parties agreed not to allow Grandmother to watch the children due to concerns about Grandmother's mental health. Mother testified that Grandmother continues to suffer from depression. As a result, allowing Grandmother, who is still experiencing mental-health issues, to be the primary caregiver when Mother is gone raises the same concerns the parties had while married about the children's well-being when in Grandmother's care.
>
> Mother's relocation to Albion [] has also not improved her standard of living or given her access to an opportunity that was not available at her prior residence. Mother testified that she is currently unemployed but is seeking work. Mother also stated that she is enrolled at Ivy Tech. However, with Ivy Tech having campuses located all over Indiana, relocation to Albion does not give Mother a unique educational opportunity.

> Lastly, Mother has violated the parties' joint custody arrangement since moving to Albion [] by enrolling the children in a private Christian school without consulting Father. Whether or not the distance between the parties has given Mother the impression that she can now act unilaterally on behalf of the children, it is clear that Mother's relocation has negatively impacted Father's ability to participate in the decision-making process concerning the children.

Appellant's App. p. 10-11. The court concluded by stating that "in the event Mother chooses to remain in Albion . . . Father shall be granted physical custody of the [] children," but if Mother "returns to [Pendleton], the current order as to custody and parenting time shall remain in effect." *Id.* at 11.

Mother filed a motion to correct errors, which the trial court denied. Mother now appeals.

# Discussion and Decision

Mother contends that the trial court erred when it concluded that the relocation to Albion was not in the children's best interests. She also argues that the court impermissibly ordered a prospective change of custody to Father.

# 1. Relocation

When a parent files a notice of intent to relocate, the nonrelocating parent may object by moving to modify custody or to prevent the child's relocation. Ind. Code § 31-17-2.2-5(a). If the nonrelocating parent objects, the burden is on the relocating parent to show that the proposed relocation is made in good faith and for a legitimate reason. I.C. § 31-17-2.2-5(c). If the relocating parent meets

that burden, then the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the child's best interests. I.C. § 31-17-2.2-5(d).

[10] In considering the proposed relocation, the trial court must weigh the following factors:

(1) The distance involved in the proposed change of residence.

(2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.

(3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.

(4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.

(5) The reasons provided by the:

(A) relocating individual for seeking relocation; and

(B) nonrelocating parent for opposing the relocation of the child.

(6) Other factors affecting the best interest of the child.

Ind. Code § 31-17-2.2-1(b). "Other factors affecting the best interest[s] of the child" include the child's age and sex; the parents' wishes; the child's wishes, with the wishes of children fourteen years or older being given more weight; the child's relationship with parents, siblings, and any other person affecting the

child's best interests; and the child's adjustment to home, school, and the community. Ind. Code § 31-17-2-8; *see also Baxendale v. Raich*, 878 N.E.2d 1252, 1256 (Ind. 2008).

[11] The trial court made sua sponte findings in denying Mother's relocation request. Our standard of review in this instance is well settled:

> Pursuant to Indiana Trial Rule 52(A), we do not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses. Where, as here, the findings and conclusions are entered sua sponte, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issues upon which the trial court has not found, and we may affirm a general judgment on any theory supported by the evidence adduced at trial.

*Kietzman v. Kietzman*, 992 N.E.2d 946, 948 (Ind. Ct. App. 2013) (citations and quotations omitted). With this standard in mind, our Supreme Court has expressed a preference for granting latitude and deference to our trial judges in family-law matters. *In re Marriage of Richardson*, 622 N.E.2d 178, 178 (Ind. 1993). Recently, it emphasized this principle once again, stating that such deference is necessary because of trial judges' "unique, direct interactions with the parties face-to-face." *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011). "Thus enabled to assess credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children." *Id.*

[12] Assuming without deciding that Mother met her burden of proving that her move to Albion was made for a good-faith and legitimate reason, we focus on the trial court's conclusion that relocation was not in the children's best interests.[1] At the hearing, Mother testified that she relocated to Albion for financial reasons: after being ill, Mother lost her jobs and could not afford her rent in Pendleton. In Albion, she lived with her mother in a three-bedroom house. Mother was not employed, but she planned to attend nursing school at a local Ivy Tech campus, and maternal grandmother would watch the children. Mother admitted that after moving to Albion, she made educational decisions for the children without consulting Father. She also acknowledged that Father had a great relationship with the children and that it would be difficult for the children to see Father much less than usual.

[13] In denying Mother's relocation request, the trial court noted that Mother's relocation "dramatically reduced [Father's parenting time] due to the significant distance between the parties' respective residences," which, in turn, threatened Father's relationship with the children. Appellant's App. p. 10. The court also expressed concern about Mother's plan to leave the children in maternal grandmother's care:

> [W]hen Mother is gone, Grandmother watches the children.
> However, when the parties were married, the parties agreed not to
> allow Grandmother to watch the children due to concerns about

---

[1] The trial court issued no findings regarding whether Mother met her burden of proving that the move was being made in good faith and for a legitimate reason; the court simply discussed the children's best interests.

Grandmother's mental health. Mother testified that Grandmother continues to suffer from depression. As a result, allowing Grandmother, who is still experiencing mental-health issues, to be the primary caregiver when Mother is gone raises the same concerns the parties had while married about the children's well-being when in Grandmother's care.

*Id.* at 11. Finally, the court emphasized Mother's recent unilateral decision-making:

> Mother has violated the parties' joint custody arrangement since moving to Albion [] by enrolling the children in a private Christian school without consulting Father. Whether or not the distance between the parties has given Mother the impression that she can now act unilaterally on behalf of the children, it is clear that Mother's relocation has negatively impacted Father's ability to participate in the decision-making process concerning the children.

*Id.*

[14] The trial court heard the parties' testimony and examined the evidence, ultimately finding that relocation to Albion was not in the children's best interests. In light of the evidence set forth above, we cannot say that this was error.

## 2. Custody Order

[15] Mother also argues that the trial court impermissibly ordered a prospective change of custody to Father. We disagree.

[16] An automatic, future custody modification order violates Indiana's custody-modification statute. *Bojrab v. Bojrab*, 810 N.E.2d 1008, 1012 (Ind. 2004). Specifically, language ordering that custody shall be automatically modified in

the event of one parent's relocation "is inconsistent with the requirements of the custody modification statute[.]" *Id.* By contrast, language declaring that a present award of custody is conditioned upon the continuation of a child's place of residence is proper as "a determination of present custody under carefully designated conditions." *Id.* As the Court explained in *Bojrab*:

> There is a significant difference between the two phrases. One purports to automatically change custody upon the happening of a future event; the other declares that the present award of custody is conditioned upon the continuation of the children's place of residence. While the automatic future custody modification violates the custody modification statute, the conditional determination of present custody does not.

*Id.*

[17] In the order at issue, the court stated that "in the event Mother chooses to remain in Albion . . . Father shall be granted physical custody of the [] children," but if Mother "returns to [Pendleton], the current order as to custody and parenting time shall remain in effect." Appellant's App. p. 11. This order was a determination of present custody under carefully designated conditions in that Mother had already relocated to Albion; thus, the order did not hinge on any possible future event.[2] Rather, the court's order is a conditional

---

[2] For this reason, *Myers v. Myers*, 13 N.E.3d 478 (Ind. Ct. App. 2014), upon which Mother relies, is distinguishable. In *Myers*, the mother wished to relocate to Texas with one of the parties' children, but the trial court denied her request. There, the court ordered "that if [Mother] still intends to relocate to Texas [,] [ ] custody of [H.M.] *shall be modified* and awarded to [Father]. . . ." 13 N.E.3d at 486. Thus, the court's order operated to automatically modify custody upon the happening of a future event—Mother's relocation to Texas. Here, Mother has already relocated; the trial court's order is simply a conditional determination of present custody.

determination of present custody: if Mother remains in Albion, Father will have physical custody of the children. We find no error here.

[18] Affirmed.

Kirsch, J., and Bradford, J., concur.

---