## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2019, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEY FOR APPELLEE

Ralph C. Melbourne
Montgomery Eisner & Pardieck, LLP
Seymour, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephanie Krieger,

*Appellant-Respondent,*

v.

Mark Krieger,

*Appellee-Petitioner.*

August 14, 2019

Court of Appeals Case No.
19A-DC-369

Appeal from the Jackson Superior Court

The Honorable Bruce A. MacTavish, Judge

Trial Court Cause No.
36D02-1710-DC-242

**Najam, Judge.**

# Statement of the Case

Stephanie Krieger ("Wife") appeals the dissolution court's final decree, which ended Wife's marriage to Mark Krieger ("Husband"). Wife presents two issues for our review:

> 1.  Whether the dissolution court clearly erred when it awarded the parties joint physical custody of their minor daughter, A.K.
>
> 2.  Whether the dissolution court clearly erred when it divided the marital estate.

We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

Husband and Wife married in 1997 and have two children together, S.K., born in October of 1998, and A.K., born in August of 2001. During the marriage, Husband worked as a semi-truck driver, and he worked long hours on weekdays. Wife worked part-time and took care of the marital home and the children while Husband was at work.

On October 9, 2017, Husband filed a petition for dissolution of the marriage. At that time, S.K. was living away from home and attending college at Butler University, and A.K. was a junior in high school. Husband continued to live in the marital home until December 2017, when he moved out and got an apartment. Husband continued to pay most of Wife's bills after that, including

the mortgage payment on the marital home, utilities, and insurance. Wife quit her job in May 2018 due to health issues.

[5] Following a final evidentiary hearing on the dissolution petition, the dissolution court conducted an in-camera interview with A.K. to discuss issues relevant to custody. The court then issued its final decree and found that Husband and Wife should "share legal and physical custody" of A.K. such that they would "alternate custody every other week[.]" Appellant's App. Vol. 2 at 207. The court ordered Husband to pay $171.94 per week in child support, as well as "the house payment [on the marital home] until [A.K.] graduates from high school in June 2020 as a rehabilitation maintenance to maintain a house for [A.K.]"[1] *Id.* at 208. The court expressly stated that Husband would not pay retroactive child support. In addition, the court ordered Husband and Wife collectively to cover fifty percent of S.K.'s tuition at Butler, after scholarships and grants, with Husband paying 83% of that fifty percent and Wife paying 17%. Finally, the court divided the marital estate equally, with Husband paying to Wife an equalization payment of $4,889.66. This appeal ensued.

# Discussion and Decision

### *Standard of Review*

[6] Where a trial court enters findings of fact and conclusions of law, first we determine whether the evidence supports the findings, and second we determine

---

[1] Husband does not appeal the maintenance order. We note that Wife testified at the final hearing that she anticipated being employed in the near future.

whether the findings support the judgment. *Lechien v. Wren*, 950 N.E.2d 838, 841 (Ind. Ct. App. 2011). We will set aside the trial court's specific findings only if they are clearly erroneous, that is, when there are no facts or inferences drawn therefrom to support them. *Id.* A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* We neither reweigh the evidence nor assess the credibility of witnesses but consider only the evidence most favorable to the judgment. *Id.* The findings control only as to the issues they cover, and a general judgment standard applies to issues upon which the trial court made no findings. *Id.*

### *Issue One: Custody*

Wife contends that the dissolution court abused its discretion when it ordered that she and Husband would share physical custody of A.K. equally. Wife maintains that the court should have awarded her primary physical custody of A.K. In an initial custody determination, both parents are presumed equally entitled to custody, and "[t]he court shall determine custody and enter a custody order in accordance with the best interests of the child." Ind. Code § 31-17-2-8 (2019); *see also Kondamuri v. Kondamuri*, 852 N.E.2d 939, 945 (Ind. Ct. App. 2006). In determining the child's best interests, the trial court must consider all relevant factors, which are as follows:

> (1) The age and sex of the child.
>
> (2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

    (A) the child's parent or parents;

    (B) the child's sibling; and

    (C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

    (A) home;

    (B) school; and

    (C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a *de facto* custodian. . . .

I.C. § 31-17-2-8. The trial court's decisions on child custody are reviewed only for an abuse of discretion. *Sabo v. Sabo*, 858 N.E.2d 1064, 1068 (Ind. Ct. App. 2006).

On appeal, Wife directs us to her testimony that Husband: "engaged in inappropriate physical contact" with A.K.; "had a history of pinching Wife's arms, thighs, buttocks, and breasts, causing pain and leaving bruises"; and "engaged in sexually explicit messaging and photo exchanges with women while still married to Wife." Appellant's Br. at 13. And Wife asserts that there "was no serious dispute in the record regarding which parent had consistently provided the most stable care for [A.K.] throughout her seventeen (17) years." *Id.* Thus, Wife maintains that the court should have awarded Wife primary physical custody of A.K.

Wife's contentions on appeal are a request that we reweigh the evidence and assess witnesses' credibility, which we cannot do. The evidence supports the court's award of joint custody to Husband and Wife. Indeed, the court conducted an in-camera interview of seventeen-year-old A.K., and the court stated that it "evaluated the factors for making a custody determination" under Indiana Code Section 31-17-2-8, which include the child's wishes, with "more consideration" given to A.K.'s wishes because of her age. Appellant's App. Vol. 2 at 207. The dissolution court did not abuse its discretion when it awarded the parties joint custody of A.K.

### Issue Two: Marital Estate

Wife next contends that the dissolution court abused its discretion when it gave Husband a credit against the marital estate for certain bills and other expenses incurred by Wife and the children that he had paid prior to the final hearing. A trial court must divide the property of the parties to a marital dissolution in a

just and reasonable manner. *Webb v. Schleutker*, 891 N.E.2d 1144, 1153 (Ind. Ct. App. 2008) (citing I.C. § 31-15-7-4(a)). An equal division of marital property is presumed to be just and reasonable. *Id.* (citing I.C. § 31-15-7-5). Decisions concerning the division and distribution of marital assets lie within the sound discretion of the trial court. *Fischer v. Fischer*, 68 N.E.3d 603, 608 (Ind. Ct. App. 2017), *trans. denied*. On appeal, we review the trial court's decision only for an abuse of that discretion. *Id.* A trial court abuses its discretion only when its decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* When we review a challenge to the trial court's division of marital assets, we consider only the evidence most favorable to the trial court's disposition, and we will neither reweigh the evidence nor assess the credibility of witnesses. *Id.*

[11] At the final hearing, Husband submitted as evidence Petitioner's Exhibit 7, which consisted of a list of expenses and bills Husband had paid on behalf of Wife and their children from the date of the petition for dissolution of marriage until the date of the final hearing. In particular, Husband listed "miscellaneous expenses" totaling $3,106.05, which included cash he gave to the children, a coffee maker for Wife, school supplies for the children, a dress for A.K., and gasoline for Wife. Appellant's App. Vol. 2 at 101. Husband also listed monthly bills he had paid, including mortgage payments for the marital home, automobile insurance for Wife and A.K., and various utility bills. The total of all of the expenses and bills paid for by Husband and listed in his Exhibit 7 was $27,151.86. In the final decree, the trial court found the $27,151.86 to be a

"debt" to Husband before the court divided the estate equally between Husband and Wife. *Id.* at 211.

[12] On appeal, Wife first asserts that Husband had requested that the court not order retroactive child support—that is, child support during the pendency of the dissolution proceedings—and that Husband had "stipulated" that "he should not receive credit for the payment of these bills and expenses against the marital estate." Appellant's Br. at 15. Wife maintains that, because the court did not also order retroactive child support, the court abused its discretion when it gave Husband a credit in the amount of the bills and expenses he had paid while the dissolution was pending. In essence, Wife asserts that the dissolution court had discretion to either order Husband to pay retroactive child support and receive a credit for the amounts of bills and expenses he had paid, or order no retroactive child support but award no credit to Husband.

[13] First, Wife does not support this contention with citation to relevant authority. Second, Husband did not "stipulate" to anything. Husband's attorney merely stated that Husband was "not trying to get reimbursed for all that money." July 12, 2018, Tr. Vol. 2 at 85. In any event, the dissolution court had discretion to award Husband a credit notwithstanding Husband's remarks, which did not amount to a stipulation. Third, and moreover, Wife does not direct us to any evidence regarding the amount of retroactive child support that might have been ordered relative to the $27,151.86 credit awarded to Husband.

Husband asserts, and Wife does not dispute, that, if ordered, the retroactive child support would only have totaled approximately $2,800. And, in addition to the $27,151.86 in expenses that he covered while the dissolution was pending, the rehabilitative maintenance Husband is ordered to pay totals approximately $22,270. "Division of property should not be considered in a vacuum, and the trial court is free to consider other awards (such a[s] spousal maintenance) when determining the proper division." *Augspurger v. Hudson*, 802 N.E.2d 503, 513 (Ind. Ct. App. 2004). We cannot say that the court erred when it both declined to order Husband to pay retroactive child support and awarded Husband a credit for bills and expenses he had paid while the dissolution was pending.

Still, Wife contends that the trial court abused its discretion when it awarded Husband a credit for: "bills and expenses paid while he was still living in the marital residence through December of 2017"; "bills and expenses that were solely related to adult Son[, S.K.]"; and a "double credit" for paying off a Visa account and a Best Buy account. Appellant's Br. at 16-17. However, Wife does not explain, with citation to relevant authority, why the dissolution court did not have discretion to award Husband credit for bills and expenses he paid while he lived in the marital residence or those made for the benefit of S.K. Nonetheless, we address the merits of each of these contentions in turn.

As for Husband's credit for paying bills and expenses while he lived in the marital home, our holding in *Bojrab v. Bojrab*, 786 N.E.2d 713, 722 (Ind. Ct. App. 2003), *aff'd in relevant part*, 810 N.E.2d 1008 (Ind. 2006), is instructive. In

*Bojrab*, the husband lived in the marital residence for approximately three weeks after the wife filed a petition for dissolution on January 10, 2000. The dissolution court ordered the husband to continue to pay the mortgage on the marital home after he moved out. And in the final decree, the court ordered that the marital home be sold with forty percent of the net proceeds going to the husband and sixty percent going to the wife. Thereafter, the dissolution court granted the husband's motion to correct error and "ordered that Husband 'shall be reimbursed from the proceeds of the sale of the marital residence an amount equal to the monthly principle [sic] and interest mortgage payments paid by him from January 10, [2000][] to the date of closing.'" *Id.* at 722.

[17] On appeal, the wife argued that "the trial court erred when it granted Husband's request for additional money from the sale of the marital residence because it 'changed the overall division of assets and created a monetary windfall.'" *Id.* The wife claimed that "'granting [Husband] 100% reimbursement for interest payments place[d] the entire responsibility for such debt upon [Wife].'" *Id.* We rejected the wife's contentions on appeal and held as follows:

> The marital estate is to be closed at the time of the filing of the petition for dissolution. *Wilson v. Wilson*, 732 N.E.2d 841, 846 (Ind. Ct. App. 2000) ("We agree with Husband that the marital pot closes on the date the petition for dissolution is filed."), *trans. denied*. Wife filed the petition for dissolution on January 10, 2000. After that date, Husband paid all mortgage payments. After the trial court granted Husband's motion to correct error, Husband was reimbursed for all payments made after January

10, 2000. *Essentially, the trial court restored the parties to their position when the petition for dissolution was filed.*

*Id.* (emphasis added). Thus, we affirmed the credit to the husband for the mortgage payments he had made from the date of the dissolution petition even though he lived in the marital home for approximately three weeks during that period. We also held that,

> [t]o the extent Wife was responsible for more of the interest than Husband, pursuant to her entitlement to 60% of the net proceeds from the house, such difference does not amount to an abuse of the trial court's discretion *in light of the fact that Wife lived in the house for over two years without making a house payment.*"

*Id.* (emphasis added).

[18] Here, Husband lived in the marital home a little over two months after he filed the petition. And by the time A.K. graduates from high school in June 2020, Wife will have lived in the marital home for more than two years without making a house payment. Upon A.K.'s graduation, the parties will sell the marital home and divide the proceeds from the sale fifty-fifty. The dissolution court awarded Husband a credit for the mortgage payments he made between the date the petition was filed until the final hearing, but Husband will not receive a credit for the nearly equal payments he is making under the rehabilitative maintenance order, which he does not appeal. Because the marital estate closed on October 9, 2017, and because the parties will split the proceeds from the sale of the marital home after June 2020, we cannot say that

the dissolution court abused its discretion when it awarded Husband a credit for all of the mortgage payments he had made, including the ones he made while he lived there for a short time in late 2017.

[19] Regarding Husband's credit for certain expenses "that were solely related to [S.K.]," Wife challenges the credit for money spent on S.K.'s "New York Trip, [his] groceries, [his] school supplies, and [his] 'movie, meal and clothes.'" Appellant's Br. at 16. Wife does not state the amounts of those credits, but our review of Petitioner's Exhibit 7 shows that those credits totaled less than $400 over the course of six months. And Wife does not support her contention with respect to those credits with citation to relevant authority. We cannot say that the dissolution court abused its discretion when it awarded Husband a credit for those expenses.

[20] We agree with Wife, however, that the court erroneously gave Husband double credit for paying off the Visa and Best Buy credit card accounts. Those amounts were both included in the $27,151.86 in bills and expenses credited to Husband *and* listed separately as credits to Husband in the court's division of the marital estate. Accordingly, we reverse that part of the decree and remand with instructions to the court to adjust the division of the marital estate by removing those individual credits ($435.78 and $1,124.98, respectively) from Husband's side of the ledger and recalculating the division of the marital estate.

*Conclusion*

Wife has not demonstrated that the dissolution court abused its discretion when it awarded the parties joint physical custody of A.K. And, other than two double credits, which error the court will correct on remand, neither has Wife shown that the dissolution court abused its discretion when it awarded Husband a credit for bills and expenses he covered while the dissolution petition was pending.

Affirmed in part, reversed in part, and remanded with instructions.


Bailey, J., and May, J., concur.